[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, James E. Menge, filed a three count amended complaint on January 4, 1993, alleging defamation, interference with business relations and breach of fiduciary duty against the defendant, an attorney, Lawrence F. Cafero, Jr. Plaintiff alleges that he is a one-third shareholder with Penny Dalziel and Swea Nightingale, of Bayfield Resources, Inc., a closely held Connecticut corporation. The corporation was created pursuant to a shareholder agreement of March 18, 1987 and an amended shareholder agreement dated November 8, 1990. In count three of the complaint, the plaintiff alleges that "[a]t all times relevant to this Complaint, Defendant has served as Counsel to the Corporation" and that "[a]s Counsel to the Corporation, Defendant is obligated to act as a fiduciary toward the Corporation and each of its shareholders." Defendant filed a motion to strike the third count of the plaintiff's amended complaint (motion #114) on the ground that his duty was to the corporation as its attorney, not to the plaintiff as one of the shareholders. CT Page 435
A motion to strike tests whether the plaintiff has satisfied the burden of alleging sufficient facts to establish a cognizable cause of action. Amodio v. Cunningham, 182 Conn. 80, 84,438 A.2d 6 (1980). "If a `pleading . . . on its face is legally insufficient, although facts may indeed exist which, if properly pleaded, would establish a cause of action upon which relief could be granted,' a motion to strike is required." (Citation omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "We take the facts to be those alleged in the amended complaint construed in a manner most favorable to the [pleader]." Westport Bank and Trust Company v. Corcoran, Mallin and Aresco, 221 Conn. 490,495, 605 A.2d 862 (1992).
The motion to strike is granted because plaintiff's complaint does not state any facts alleging the existence of an attorney-client relationship between plaintiff and defendant. Plaintiff's complaint, count three, alleges only that "[a]t all times relevant to this Complaint, Defendant has served as Counsel to the Corporation" and that "[a]s Counsel to the Corporation, Defendant is obligated to act as a fiduciary toward the Corporation and each of its shareholders." These allegations are insufficient to allege that the defendant had acted as counsel for the shareholders as individuals.
In addition, even if such allegations were present, defendant argues that an attorney for a corporation does not, by virtue of that capacity alone, become counsel for its officers, shareholders or directors and that counsel's loyalty should not be to anyone other than the corporation itself. Plaintiff argues that the partnership-like aspects of a close corporation create a potential ethical conflict because the "Model Rules of Professional Conduct" are alleged "to prohibit a lawyer from representing a client with interests adverse to another client." The plaintiff also argues that the motion should be denied because the defendant, as counsel to a close corporation, owed a fiduciary duty to each of the three co-equal shareholders.
The Connecticut Supreme Court has ruled on the issue of representation of multiple clients and held that the potential for a conflict does not preclude an attorney from simultaneously representing a borrower and a lender. In Westport Bank and Trust Company v. Corcoran, Mallin and Aresco, Id., 491, the issue was "whether a lender may hold its attorney liable for a negligent title search and subsequent issuance of an erroneous title opinion CT Page 436 letter to the lender when that attorney also represents the borrower." The court held that the lender may hold its attorney liable, as there is only a potential for conflict, because the interests of the borrower and lender are such that an attorney who represents both of them "could reasonably view his relationship with the lender and borrower as nonadversarial."
Id., 497. The court also commented that "[i]f an unforeseen conflict arises after representation has been undertaken, an attorney should withdraw from the representation of the client." Id., 498. The court focused its analysis on Rule 1.7 of the Rules of Professional Conduct, the general rule on conflicts of interest in an attorney-client relationship. The rule states:
 (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client unless: (1) The lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and (2) Each client consents after consultation.
 (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless: (1) The lawyer reasonably believes the representation will not be adversely affected; and (2) The client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.
In the present case, the complaint alleged that plaintiff was one of three original shareholders of Bayfield Resources, Inc., a closely held corporation, and that defendant at all relevant times served as counsel to the corporation. These allegations construed most favorably to plaintiff are not sufficient to demonstrate that plaintiff consented to defendant's representation of him, as required by Rule 1.7(a)(2). Additionally, the complaint does not allege facts sufficient to demonstrate that at the outset of the representation, the defendant attorney could have reasonably believed that his representation of all three shareholders would not be adverse, as required by Rule 1.7(a)(1).[1] Without such allegations, defendant's motion to strike plaintiff's count three CT Page 437 alleging breach of fiduciary duty is granted.
So Ordered.
Dated at Stamford, Connecticut this 11th day of January, 1994.
WILLIAM BURKE LEWIS, JUDGE